IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAKE TOWNE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  22-2219 |
| | : | |
| **CRAYOLA, LLC** | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                          **April 24, 2023**

### I.   Introduction

When an employee asks for a reasonable accommodation for a disability, the employer must listen.  Both parties must engage in an informal and interactive dialogue so that the employer can learn about the disability and the employee can learn about what options are available, and hopefully reach a resolution.  But a dialogue requires two parties with open minds, and if the employee insists on an accommodation that is not reasonable, then the employer has done its duty and may decline.  Here, Jake Towne wanted to be separated from another employee as an accommodation for his autism, but the ADA does not require employers to turn over such staffing decisions to the courts.  And although it is theoretically possible to wrongfully retaliate against an employee for seeking an unreasonable accommodation — the amended complaint lacks support for that theory.  We dismiss Mr. Towne's complaint but grant him leave to amend, if the facts allow him to do so.

### II.   Factual Allegations

According to the amended complaint, Mr. Towne is a trained professional engineer who worked for Crayola for over nine years, holding several different job titles and receiving promotions along the way.  DI 8 ¶¶ 8-9.  In September 2020, he was diagnosed with autism.  *Id.*

¶ 12.

Throughout Mr. Towne's employment with Crayola, he worked closely with another employee, Mr. Allison. *Id.* ¶ 10. Both before and after the diagnosis, Mr. Allison exposed Mr. Towne to Mr. Allison's misogynistic and sexist beliefs, which negatively affected Mr. Towne. *Id.* ¶¶ 11, 13. Mr. Allison also repeatedly told Mr. Towne that he did not believe that Mr. Towne was autistic. *Id.* ¶ 13.

As a result, in December 2020, Mr. Towne sought and received a leave of absence under the Family Medical Leave Act as well as short term disability pay. *Id.* ¶ 14. Mr. Towne sought professional counseling and assistance from medical professionals, and submitted their reports to Crayola. *Id.* ¶ 15. After the first leave of absence, Mr. Towne received an additional two months of leave under the Americans with Disabilities Act (ADA). *Id.* ¶ 16. Mr. Towne continued to provide updates on his health condition to Crayola. *Id.*

At that point, Mr. Towne asked Crayola to return him to a position that did not involve interaction with Mr. Allison because, as understood from Mr. Towne's medical providers, Mr. Allison's misogyny and sexism exacerbated Mr. Towne's autism. *Id.* Mr. Towne and his wife then met with Crayola's human resources department several times, where they continued to inform Crayola that Mr. Towne's medical providers advised against him against continuing to work directly with Mr. Allison. *Id.* ¶ 17. Mr. Towne proposed this as a form of reasonable accommodation to his disability. *Id.* Crayola refused the accommodation. *Id.* at 19.

During the meetings, Mr. Towne also asked Crayola if it was aware of any of the specific features of autism, and whether it would consider providing autism-related employee education or sensitivity training. *Id.* ¶ 18. Crayola responded that it was not aware of the features of autism, did not have any particular understanding of the condition, and would not entertain either

receiving additional education or training or providing such education or training to its employees. *Id.* ¶ 19. Crayola did not ask Mr. Towne for any additional information about autism or suggest any other form of meaningful accommodation. *Id.* ¶ 20.

Crayola required Mr. Towne to return to his former position, and on June 29, 2021, Crayola informed Mr. Towne that he was to be terminated. *Id.* ¶¶ 20-21.

### III.     Crayola's Motion to Dismiss

Mr. Towne sued Crayola for violating the ADA by discriminating against him and by retaliating against him for advancing his rights.[1] Mr. Towne alleges that his autism renders him a disabled person as defined by the ADA, and that he was qualified to perform his job with the reasonable accommodation of being separated from Mr. Allison. DI 8 ¶¶ 21-22. He further alleges that Crayola: refused the accommodation even though it would not have amounted to an undue hardship; failed to participate in the interactive process; and then wrongfully terminated him because of his disability. *Id.* ¶¶ 23-28. In a separate count, Mr. Towne alleges that his termination was in direct retaliation for the protected activities of requesting a reasonable accommodation and requiring Crayola to participate in the interactive process. *Id.* ¶¶ 38-41.

Crayola moves to dismiss each aspect of the complaint. First, Crayola argues that Mr. Towne's requested accommodation was unreasonable as a matter of law. DI 9-1 at 6-9. According to Crayola, the ADA does not require employers to separate one employee from another as a reasonable accommodation. *Id.* (relying on *Gaul v. Lucent Techns., Inc.*, 134 F.3d 576 (3d Cir. 1998)). Next, Crayola argues that employers are not obligated to engage in the

---

[1] *Id.* ¶¶ 22-28, 38-41. Mr. Towne's complaint includes substantively identical counts brought under the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq*. DI 8 ¶¶ 29-37, 42-45. Both parties agree that these allegations rise and fall with the ADA claims, so they will not be addressed separately. *See generally* DI 9, DI 10.

interactive process where the requested accommodation is unreasonable as a matter of law. *Id.* at 10-11. And with respect to the retaliation claim, Crayola contends that it may be dismissed because seeking an accommodation that is unreasonable as a matter of law cannot be protected activity. *Id.* at 12-13.

Mr. Towne focuses his opposition on distinguishing *Gaul* and criticizing Crayola's participation in the interactive process. DI 10-2 at 6-8. Mr. Towne argues that *Gaul* merely prohibits allowing an employee to arbitrarily dictate his own work environment, but that the accommodation of simply being separated from Mr. Allison is specific, practical, and not unreasonable as a matter of law. *Id.* Mr. Towne accuses Crayola of acting in bad faith by not exploring alternative accommodations or seeking additional information from Mr. Towne, which tends to erode Crayola's contention that there was no reasonable accommodation. *Id.* at 8-9. Finally, as to retaliation, Mr. Towne contends that even a legally unsound request for an accommodation is protected activity where that request is close in time to termination. *Id.* at 9-11.

For the reasons set forth below, we will grant Crayola's motion to dismiss without prejudice and grant Mr. Towne leave to amend his complaint, if the facts allow.

**IV.    Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at

4

678). Deciding whether a complaint is facially plausible is "context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

"Assessing plausibility under *Twombly* and *Iqbal* is a three-step process." *McDermid v. Inovio Pharms., Inc.*, 520 F. Supp. 3d 652, 661 (E.D. Pa. 2021). "The first step in that process requires an articulation of the elements of the claim." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022). The second step is "identify[ing] those allegations that, being merely conclusory, are not entitled to the presumption of truth." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). Courts do not grant the presumption of truth to allegations that are "so threadbare or speculative that they fail to cross the line between the conclusory and the factual." *Id.* at 790. The third step asks courts to assume the veracity of any well-pleaded factual allegations to "determine whether they plausibly give rise to an entitlement to relief." *McDermid*, 520 F. Supp. 3d at 661 (quoting *Connelly*, 809 F.3d at 787).

V. **Analysis**

Mr. Towne's initial complaint lacked any allegations relating to the interactive process. He added those in response to Crayola's first motion to dismiss. Not coincidentally, our analysis tracks that sequence of events.

A. **Mr. Towne is not a qualified person because the accommodation he proposed is unreasonable as a matter of law.**

To establish a prima facie case of discrimination under the ADA, Mr. Towne must show: "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul*, 134 F.3d at 580. For purposes of the motion at hand, there is no dispute that Mr. Towne is a disabled person within the meaning of the ADA. With regard to the second

5

prong, to show that he is qualified for the job with the accommodation he proposed, Mr. Towne must "make at least a facial showing that such accommodation is possible." *Shiring v. Runyon*, 90 F.3d 827, 832 (3d Cir. 1996). The accommodation at issue is Mr. Towne's request to be separated from Mr. Allison.

In *Gaul*, the Third Circuit held that an employee's "request to be transferred away from individuals causing him prolonged and inordinate stress was unreasonable as a matter of law under the ADA." 134 F.3d at 579. The Court gave three reasons: (1) the accommodation was impractically amorphous because the employee's stress level would depend on "an infinite number of variables"; (2) the administrative burden of assessing the employee's stress levels and determining appropriate staffing were too great; and (3) the ADA does not require a "court to establish the conditions of his employment, most notably, with whom he will work." *Id.* at 581.

Mr. Towne points out that, unlike in *Gaul*, he is not seeking an amorphous accommodation for depression and anxiety that depends upon his stress level at any given moment. Rather, Mr. Towne wants to be permanently separated from one specific person as an accommodation for autism. But this argument does not overcome *Gaul*'s concerns about dictating whom an employee can and cannot work with under the guise of a reasonable accommodation. Many courts have followed *Gaul* in this regard, and Mr. Towne has not cited any authority to the contrary. For example, in *Kendrell v. Secretary United States Department of Defense*, the Third Circuit held an employee's request for reassignment to a different supervisor as an accommodation for an autism-related disability unreasonable as a matter of law, and relied on *Gaul* to affirm a grant of summary judgment on the point. 851 F. App'x 317, 321 (3d Cir. 2021) (nonprecedential); *see Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319 n.10 (3d Cir. 1999) (noting "that a disabled employee is not entitled to a supervisor ideally suited to his or her

6

needs"); *Ozlek v. Potter*, 259 F. App'x 417, 420-21 (3d Cir. 2007) (holding the accommodation of "transfer to a location that was outside the supervision and control of the West Park management team" to be unreasonable under *Gaul*). Mr. Towne's proposed accommodation of being separated from Mr. Allison is similarly unreasonable as a matter of law. And Mr. Towne's discrimination claims therefore fail because he has not alleged that he is a qualified individual.

    **B.**    **Mr. Towne's discrimination claims cannot be sustained on his allegations that Crayola failed to engage in the interactive process.**

The "interactive process" refers to the informal exchange of between an employee and his employer designed to identify the limitations of a particular disability and find potential reasonable accommodations. *Taylor*, 184 F.3d at 311-12 (discussing EEOC regulations and guidelines). As the Third Circuit succinctly put it: "both parties have a duty to assist in the search for appropriate reasonable accommodation and to act in good faith." *Mengine v. Runyon*, 114 F.3d 415, 419–20 (3d Cir. 1997).

Mr. Towne does not suggest that his criticisms of Crayola's participation in the interactive process give rise to an independent cause of action under the ADA (nor has the Third Circuit indicated that such an independent claim would be cognizable). Rather, Mr. Towne suggests that Crayola's behavior tends to show bad faith and gives rise to the inference that there may well have been a reasonable accommodation, if Crayola had only been willing to explore ideas. "[B]ecause employers have a duty to help the disabled employee devise accommodations, an employer who acts in bad faith in the interactive process will be liable if the jury can reasonably conclude that the employee would have been able to perform the job with accommodations." *Taylor*, 184 F.3d at 317-318.

The problem with Mr. Towne's argument is that his amended complaint contains no allegation (and allows no room for inference) that Mr. Towne was exploring any accommodation

7

other than separation from Mr. Allison — or that any other accommodation would have been acceptable to Mr. Towne.  The amended complaint contains some cryptic references to questions about "employee education or sensitivity training" (DI 8 ¶¶ 18-21), but we are left to speculate about what that might have to do with a reasonable accommodation — or the interactive process for that matter.  The only fair reading of the amended complaint as it stands is that Mr. Towne was attempting to persuade Crayola to adopt his proposed accommodation; not seeking information from Crayola that could further a discussion about other potential accommodations.

Thus, this case differs significantly from *Taylor*, because there the employee did not seek to be separated from another employee, but rather generally notified the employer that she "would require accommodations when she returned for to work."  184 F.3d at 303.  It was clear in *Taylor* that a variety of accommodations were potentially of interest and should have been discussed, such as increasing job responsibilities more slowly, giving more time to introduce a computer, or communicating less by formal, written reprimands.  *Id.* at 319.  Here, the amended complaint does not afford any inference that Mr. Towne sought a reasonable accommodation or that one existed.  Thus, there is no failure in the interactive process sufficient to sustain Mr. Towne's discrimination claims.

C. **Mr. Towne's retaliation claims fail because the complaint lacks allegations that he had a reasonable good-faith belief that the accommodation he requested was reasonable.**

The ADA prohibits discriminating against or otherwise interfering with individuals who exercise their rights under the statute.  42 U.S.C. §§ 12203(a) & (b).  As framed by Mr. Towne, to survive dismissal, his allegations must at least tend to show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the

employer's adverse action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

We have already established above that Mr. Towne's discrimination claims fail as a matter of law because he sought only an unreasonable accommodation, and that there was no other reasonable path for the interactive process to take. As such, Crayola reasons, we should throw out the retaliation claim because requesting an unreasonable accommodation cannot be protected conduct. This is a doubtful, or at least overbroad, proposition. "Prohibited discrimination under the ADA includes retaliation against an employee for requesting an accommodation." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 188 (3d Cir. 2010). And if, for example, an employee is not disabled, but has a reasonable, good-faith belief that he is disabled — it is still protected conduct to request an accommodation. *Id.* Similarly, if an employee has a reasonable good-faith belief that he is requesting a reasonable accommodation, that could be the foundation of a retaliation claim.

Neither party has provided any dispositive authority on this issue. Crayola relies on *Davis v. Allstate Insurance*, but in that case, the district court held that a failure to accommodate someone who is not disabled, and has not sought a reasonable accommodation, cannot be an adverse employment action. 2018 WL 3377156, at *6 (D.N.J. July 11, 2018). Here, we are talking about termination — not a failure to accommodate — and Crayola has not suggested that Mr. Towne failed to allege an adverse employment action. Crayola also points to *Clemons v. New Castle County*, where the employee claimed she was terminated in retaliation for the protective activity of requesting additional leave, and the district court held that seeking such leave cannot be a protected activity because "paid leave without any indication of a return date is not a reasonable accommodation." 2021 WL 1380597, at *7 (D. Del. Apr. 12, 2021). But critical to that holding was the employee's failure to allege facts supporting her belief that she

would have been able to return to work and perform her duties at any particular date certain — *i.e.*, that the employee had a reasonable good-faith belief that she was requesting a reasonable accommodation. *Id.* at *5.[2]

Bearing that in mind, Mr. Towne's retaliation claims fail, but not for the blanket reason that Crayola urges. The problem with the retaliation claims is that there are no factually plausible allegations — or conclusory ones, for that matter — that Mr. Towne had a reasonable good-faith belief that his request to be separated from Mr. Allison was a reasonable accommodation. And as such, the retaliation claims must also be dismissed.[3]

D. **We grant Mr. Towne leave to amend his complaint one more time.**

As noted, Mr. Towne already amended his complaint once in response to a motion to dismiss, adding allegations about the interactive process to try to overcome the problem that he requested an accommodation that is unreasonable as a matter of law. The Federal Rules of Civil Procedure permit courts to "freely" grant leave for parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has stated a district court may deny a request for leave to amend if "(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). "[I]f a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir.

---

[2] The district court correctly noted that, as a general proposition, a plaintiff "may pursue an ADA retaliation claim despite [a] [c]ourt's determination that [p]laintiff was not a 'qualified individual with a disability.'" *Id.* at *6 n.13 (quoting *Krouse*, 126 F.3d at 502).

[3] In its first two motions to dismiss, Crayola did not challenge the sufficiency of the allegations regarding a causal connection between Mr. Towne's requests and his termination.

2008).  In light of this opinion, we grant Mr. Towne leave to amend his complaint one more time, if the facts allow him to do so.

### VI.     Conclusion

We hold that Mr. Towne has failed to state a claim upon which relief could be granted. We grant Crayola's motion to dismiss (DI 9) without prejudice, and grant Mr. Towne leave to amend his complaint within fourteen days.